# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2011

No. 10-50579

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL WAYNE HELMICK,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-333-1

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Michael Wayne Helmick pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). At Helmick's sentencing, the District Court enhanced Helmick's sentence pursuant to the Armed Career Criminal Act, which imposes a 15-year mandatory minimum prison sentence on a person convicted under § 922(g)(1) if the person has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" § 924(e)(1). The District

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50579

Court classified Helmick's 1998 Utah conviction for the third degree felony of Escape from Custody as a violent felony.  Helmick appeals the sentence enhancement based on that conviction.  We affirm.

We review de novo the District Court's determination that the Utah escape statute under which Helmick was convicted qualifies as a crime of violence for the purposes of the Act.  *United States v. Harrimon*, 568 F.3d 531, 533 (5th Cir. 2009).  In order for a crime to be considered a violent felony under the Act, it must first be a "crime punishable by imprisonment for a term exceeding one year," and not be classified by the state as a misdemeanor.  §§ 921(a)(20); 924(e)(2)(B).  Utah classifies its escape statute as a felony, and even the third degree version of the felony may be punishable by up to five years.  UTAH CODE 76-3-203(3) (1998).

Next, the crime for which Helmick was convicted must either: (i) "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," or (ii) be "burglary, arson, or extortion, involve[] use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).  Helmick's conviction for escape falls into the second option.  The 1998 version of the Utah statute reads in relevant part: "A prisoner is guilty of escape if he leaves official custody without authorization." UTAH CODE § 76-8-309(1) (1998).  An escape from police custody without the use of a dangerous weapon or causing serious bodily injury to another is classified as a third degree felony. § 76-8-309(2)-(5) (1998).  The Utah escape statute defines "official custody" as "arrest, whether with or without warrant, or confinement in a state prison, jail, institution for secure confinement of juvenile offenders, or any confinement pursuant to an order of the court or sentenced and committed and the sentence has not been terminated or voided or the prisoner is not on parole." § 76-8-309(7)(b) (1998).

No. 10-50579

Crimes falling under subsection (ii) of the Act are "crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay v. United States*, 553 U.S. 137, 143, 128 S. Ct. 1581, 1585 (2008). "The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 144–45, 128 S. Ct. at 1586. In determining whether the Utah escape statute under which Helmick was charged is a violent felony, we look to whether the offense of escape from custody—not from a place of confinement and not involving use of a deadly weapon or harm to another—is generally purposeful, violent and aggressive, rather than at the specific facts of Helmick's case. *Id.* at 141, 128 S. Ct. at 1584. The purposeful, aggressive, and violent nature inherent in the act of fleeing the custody of a police officer covered by the Utah statute qualifies as a crime of violence under § 924. *See United States v. Hughes*, 602 F.3d 669, 677 (5th Cir. 2010) ("[E]scape is typically committed in a purposeful manner, and when these escapes cause injuries, those injuries typically result from intentional action, not negligence or even recklessness."); *Harrimon*, 568 F.3d at 536 ("[W]e think that, in the typical case, an offender fleeing from an attempted stop or arrest will not hesitate to endanger others to make good his or her escape.").

AFFIRMED.

3